# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

          Plaintiff,   :   Case No. 1:18-cr-025
                             Also 1:21-cv-450

                             District Judge Susan J. Dlott
  -  vs  -                  Magistrate Judge Michael R. Merz

HUGO ALTUNAR-JIMENEZ,

          Defendant.   :

---

## REPORT AND RECOMMENDATIONS

---

This case is before the Court on Defendant Hugo Altunar-Jimenez's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 84) which has been referred to the undersigned by District Judge Susan J. Dlott (ECF No. 85). § 2255 motions are subject to initial screening under Rule 4(b) of the Rules Governing § 2255 Motions which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

1

**Litigation History**

Defendant Altunar-Jimenez was indicted by the grand jury for this District on February 21, 2018, and charged with conspiracy to distribute heroin and fentanyl (Count One) and possession of fentanyl with intent to distribute it (Count Two)(Indictment, ECF No. 13). On January 29, 2019, Defendant entered into a Plea Agreement with the United States (ECF No. 35). Its salient terms provide:

> ¶ 1 Defendant will plead guilty to Count One, the conspiracy count. He admits his guilt on that count;
>
> ¶ 10 Defendant waives his right to appeal and his right to collaterally attack the judgment under 28 U.S.C. § 2255 except for claims of ineffective assistance of trial counsel and prosecutorial misconduct;
>
> ¶ 16 "This is the complete agreement between the parties. It supersedes all other promises, representations. understandings, and agreements between the parties."

*Id.*

On January 31, 2019, Altunar-Jimenez appeared before Judge Dlott to enter a plea pursuant to the Plea Agreement; those proceedings were transcribed for appeal (ECF No. 72). Defendant was sworn to tell the truth in that proceeding. *Id.* at PageID 232. He said he understood the applicable prison term on Count One was five to forty years. *Id.* at PageID 234. He said he understood that the Probation Department would prepare a Presentence Investigation Report ("PSR") with a calculated sentencing guidelines range which might be different from any estimate his attorney Ravert Clark, had given him. *Id.* at PageID 239. He said he understood that by pleading guilty he was giving up his right to appeal or collaterally attack the judgment and that the

sentence was entirely at the discretion of the Court. *Id.* at PageID 240. Judge Dlott read the elements of Count One and Altunar-Jimenez agreed he was guilty of all of them. *Id.* at PageID 244. Defendant represented to Judge Dlott that the Plea Agreement in fact represented "in its entirety any understanding you have with the government" *Id.* at PageID 250. The following exchange then occurred:

> THE COURT: Has anyone made any promise or assurance of any kind to persuade you to accept this agreement?
>
> THE DEFENDANT: No.
>
> THE COURT: Has anyone made any promise or assurance that is not in the plea agreement to persuade you to accept this agreement?
>
> THE DEFENDANT: No, Your Honor.

*Id.* He agreed that the Court could impose a more severe sentence than he anticipated. *Id.* at PageID 251-52. Judge Dlott then asked if there were any other promises:

> THE COURT: Aside from the plea agreement we've just discussed, has anyone made any promises or assurances of any kind to get you to plead guilty?
>
> THE DEFENDANT: No.

*Id.* at PageID 252. Judge Dlott accepted the guilty plea and referred the case for the PSR. After considering the PSR, Judge Dlott sentenced Altunar-Jimenez to 135 months imprisonment plus four years of supervised release (Judgment, ECF No. 58).

Defendant then appealed to the Sixth Circuit Court of Appeals, challenging the substantive reasonableness of his sentence and claiming ineffective assistance of trial counsel. The Sixth Circuit dismissed the appeal, finding the first claim was barred by Defendant's appeal waiver and the ineffective assistance of trial counsel claim was more properly heard in a § 2255 proceeding

in this Court. *United States v. Altunar-Jimenez,* Case No. 19-3826 (6th Cir. Jun. 15, 2020)(unpublished; copy at ECF No. 76). The instant Motion to Vacate followed within the time allowed by law.

Defendant claims ineffective assistance of trial counsel generally at the outset of his Motion, then sets forth the standard for deciding such a claim under *Strickland v. Washington,* 466 U.S. 668 (1984)(Motion, ECF No. 84, PageID 319-20). But then he turns to a discussion of the actual innocence doctrine and asserts no rational trier of fact could find a conspiracy existed. *Id.* at PageID 321-22. He then raises a Fourth Amendment claim that the search warrant in this case failed to make a connection between the address to be searched and the criminal activity set out in the supporting affidavit or between the defendant and that address. *Id.* at PageID 322-28.

Altunar-Jimenez fails altogether to allege conduct or omissions by his trial attorney which would constitute deficient performance under the first prong of *Strickland*, much less any facts which would indicate prejudice to establish the second prong. The Motion, although it mentions ineffective assistance of trial counsel, does not plead a claim for relief under *Strickland*.

Defendant did raise a claim of ineffective assistance of trial counsel on appeal, but does not appear to repeat that claim in his § 2255 Motion. The claim as made on appeal was that Attorney Clark had promised him a sentence of 108 months. *Altunar-Jimenez, supra,* at PageID 292. Some parts of the Motion to Vacate are illegible, so the Magistrate Judge cannot be certain Defendant has not somehow adverted to that claim or repeated it here, as the Sixth Circuit invited him to do. But assuming that was his intention, the claim is completely refuted by the record. While a 108-month sentence would have been possible if Defendant had not received a two-level enhancement, with the enhancement the proper Guideline range was 135-168 months. *Id.* at PageID 291. Judge Dlott sentenced Defendant at the very bottom of that range. Altunar-Jimenex

had sworn in the plea colloquy that no other promises had been made to him by anyone beyond what was set forth in the Plea Agreement. He had agreed in that document itself that it constituted the entire agreement between the parties.

A court cannot rely on a defendant's alleged "subjective impression" "rather than the bargain actually outlined in the record," for to do so would render the plea colloquy process meaningless. *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999). If the plea colloquy process were viewed in this light, any defendant who alleged that he believed the plea bargain was different from that outlined in the record would have the option of withdrawing his plea despite his own statements during the plea colloquy indicating the opposite. *Id.*

**First Part of the Motion: Insufficient Evidence**

Defendant's claim that no rational jury could have found a conspiracy existed, made in the context of a discussion of actual innocence, reads as if he were alleging there was insufficient evidence to support his conviction. That would indeed be a constitutional violation if he had been tried and insufficient evidence was introduced. *Jackson v. Virginia*, 443 U.S. 307 (1979). But Defendant was not tried. Instead, he pleaded guilty and admitted that the conspiracy existed and he was part of it. While a claim of insufficient evidence does state a claim which can be considered in a § 2255 motion, the Supreme Court has not recognized a free-standing claim of actual innocence. *Herrera v. Collins*, 506 U.S. 390, 408-11 (1993). Thus the first part of Defendant's Motion does not state a claim upon which relief can be granted in a § 2255 proceeding.

Moreover, any claim there was insufficient evidence to convict is barred by Defendant's

waiver of the right to bring a collateral attack on any basis other than ineffective assistance of trial counsel or prosecutorial misconduct.

**Second Part of the Motion: Violation of the Fourth Amendment**

In the Second Part of his Motion, Altunar-Jimenez asserts his Fourth Amendment claim that the search warrant which produced evidence in this case was not based on probable cause because it did not connect the residence to be searched or the Defendant with any of the facts of criminal activity set out in the officer's supporting affidavit (Motion, ECF No. 84, PageID 323).

Review of this claim by the Court is barred in several ways.

First of all, it is barred by Defendant's waiver of collateral attack on any basis other than ineffective assistance of trial counsel or prosecutorial misconduct.

Second, it is barred by Defendant's guilty plea. A valid, unconditional guilty or no contest plea waives all "constitutional violations occurring prior to a plea of guilty once the defendant enters his plea," including a challenge to the evidence supporting a conviction and any pre-plea constitutional violations, unless expressly preserved in a plea agreement or at a plea hearing. *United States v. Lalonde*, 509 F.3d 750, 757 (6th Cir. 2007); *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973). A guilty or no contest plea renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt. *Menna v. New York,* 423 U.S. 61 (1975). "[A] voluntary and unconditional guilty plea 'bars any subsequent non-jurisdictional attack on the conviction.'" *United States v. Corp*, 668 F.3d 379, 384 (6th Cir. 2012), citing *United States v. Martin*, 526 F.3d 926, 932 (2008), citing *United States v. Pickett*, 941 F.2d 411, 416 (6th Cir. 1991). After entry of an unconditional guilty plea, the defendant may challenge

only the court's jurisdiction and the voluntary and intelligent nature of the plea itself. *United States v. Ferguson*, 669 F.3d 756, 763 (6th Cir. 2012), citing *United States v. Kirksey*, 118 F.3d 1113, 1115 (6th Cir. 1997). A guilty plea constitutes a break in the chain of events leading up to it. *Tollett v. Henderson*, 411 U.S. 258 (1973).

Third, it is barred by the doctrine of *Stone v. Powell*, 428 U.S. 465 (1976) which prohibits federal habeas corpus relief to state prisoners who allege they were convicted on illegally seized evidence if they were given a full and fair opportunity to litigate that question in the state courts. Altunar-Jimenez could have challenged the search warrant by filing a motion to suppress the resulting evidence, but never did so. *Stone v. Powell* applies to Fourth Amendment claims brought in § 2255 motions. *Ray v. United States,* 721 F.3d 758, 761-762 (6th Cir. 2013).

**Conclusion**

It plainly appears from the Motion and the prior proceedings in this case that Defendant is not entitled to relief under § 2255. The Magistrate Judge therefore recommends that the § 2255 Motion be denied. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

July 12, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #